304 S.E.2d 339

**STATE of West Virginia**

v.

**Darrell DAMERON.**

No. 15721.

Supreme Court of Appeals of West Virginia.

June 22, 1983.

Michael F. Gibson, Johnston, Holroyd & Gibson, Princeton, for appellant.

Fredrick S. Wilkerson, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Darrell Dameron, was convicted in the Circuit Court of McDowell County of the crime of accessory before

the fact to the delivery of marijuana. He was sentenced to an indeterminate term of from one to five years in the penitentiary and following the circuit court's denial of his motion to set aside the verdict prosecuted this appeal.

The appellant and two other individuals, Danny Beavers and Eugene Gross, were indicted for the delivery of marijuana in violation of *W. Va. Code,* 60A–4–401(a)(1)(ii) [1971]. The facts surrounding the delivery in question are for the most part undisputed. In January of 1981, Trooper D.K. Hylton, an undercover agent for the Department of Public Safety, was conducting a drug investigation in War, West Virginia. On January 28, 1981, he was in a local bar known as Town Tavern when the appellant entered and announced to the bartender, Danny Beavers, that he had some good news, some "Columbian gold" was coming in on Friday. Trooper Hylton overheard the appellant's statement and the conversation that followed concerning Mr. Beavers' interest in the marijuana. The appellant asked Mr. Beavers if he would like to purchase some of the marijuana at a cost of $420.00 per pound and Mr. Beavers replied that he would.

Shortly thereafter the appellant left the bar and Trooper Hylton, also known during his undercover work as Gary "Duke" Blevins, approached Mr. Beavers and expressed an interest in buying one quarter of a pound of the marijuana he had just heard about. Mr. Beavers said that he would check into the possibility of such a sale and let him know the following day. The next day when the trooper returned to the bar, Mr. Beavers advised him that he and one Eugene Gross were planning on buying a half of a pound of the marijuana themselves but that they were having difficulty raising the necessary funds to do so. Trooper Hylton volunteered to share the half of a pound with them and thus provide the necessary money for a quarter of a pound. Mr. Beavers told him to return to the bar the next day for an answer.

On January 30, 1981, the undercover trooper returned to the Town Tavern and gave Mr. Beavers and Mr. Gross, who were both present, $120.00 for his share of the marijuana. The trooper, stating that he had to go to work, did not accompany Mr. Beavers when he made the buy. Instead, he made arrangements to pick up his portion of the marijuana later the same day when he finished work at his construction job. The trooper returned to the bar at approximately 5:35 p.m. at which time Mr. Beavers gave him a large plastic bag filled with four small baggies of marijuana. Mr. Beavers then asked to borrow a half an ounce of the marijuana for the weekend since he and Mr. Gross had already received and sold their quarter of a pound. Trooper Hylton agreed and then sat at the bar and talked to Mr. Beavers for a short while before he left and returned to Lewisburg, West Virginia. He subsequently sent the substance he bought from Mr. Beavers to the State Police Lab for analysis.

At trial Mr. Beavers testified that he sold some marijuana to Trooper Hylton and that he got the marijuana from the appellant who told him at the time of the buy "to go ahead and get rid of it."

The appellant's principal assignment of error is that the evidence was insufficient to prove his guilt. An accessory before the fact is defined in syllabus point 2 of *State v. Nicholson,* 162 W.Va. 750, 252 S.E.2d 894 (1979), *overruled on other grounds, State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980) as " 'a person who being absent at the time and place of the crime, procures, counsels, commands, incites, assists or abets another person to commit the crime, and absence at the time and place of the crime is an essential element of the status of an accessory before the fact.' Point 2, Syllabus, *State ex rel. Brown v. Thompson,* 149 W.Va. 649, 142 S.E.2d 711 (1965)."

The appellant argues that there was no evidence at trial that he was an accessory to the delivery of the marijuana to Trooper Hylton. After a thorough review of the record we conclude that the evidence presented by the State in the form of testimony by Mr. Beavers and Trooper Hylton, viewed in the light most favorable to the prosecution, *State v. Starkey,* 161 W.Va.

**188**

517, 244 S.E.2d 219 (1978), was sufficient, if believed and accepted by the jury, to find that the appellant was guilty of being an accessory before the fact. Both Mr. Beavers and Trooper Hylton testified that the appellant had come into the Town Tavern and openly communicated the availability of the marijuana before the delivery of the substance by Mr. Beavers. That communication was a positive act which facilitated the eventual delivery; it, like the appellant's instruction to Mr. Beavers to "go ahead and get rid of it," could only have been made with the specific intent to assist or aid in a sale or delivery by Mr. Beavers. Consequently, we believe there was sufficient evidence for the jury to conclude that the appellant intended to assist Mr. Beavers in a delivery of the marijuana.[1]

■ The appellant also complains that the court erred in giving State's Instruction No. B:

"The Court further instructs the jury that in drug-related offenses the infiltration of drug operations and limited participation in their unlawful practices by law enforcement personnel is a recognized and permissible means of detection and apprehension."

The appellant objects to the instruction on the grounds that: (1) it is irrelevant to the issues adduced at trial; and (2) it is prejudicial because it portrays the appellant as a part of a large scale drug ring instead of as a participant in a single drug transaction. We find no merit to appellant's argument. Although our research has revealed no cases in this jurisdiction where this type of instruction was given to the jury and objected to on appeal, there have been instances when similar language was upheld by this Court when used during closing arguments to the jury. See State v. Dunn, 162 W.Va. 63, 246 S.E.2d 245 (1978).[2]

The instruction did not say that the appellant was a member of a "drug operation" nor is the instruction a personal attack against the appellant's character as in a case like Peck v. Bez, 129 W.Va. 247, 40 S.E.2d 1 (1946). The State was entitled to explain a police officer's role in a drug investigation. And although the instruction indirectly went to the credibility of Trooper Hylton as a witness, it did not improperly direct the jury to give extra weight to the trooper's testimony as in State v. Hamrick, 160 W.Va. 673, 236 S.E.2d 247 (1977). We therefore conclude that there was no prejudice to the appellant from the giving of this instruction and the trial court's decision on this point was correct.[3]

Accordingly, for the reasons set forth above the judgment of the Circuit Court of McDowell County is affirmed.

Affirmed.

---

1. The appellant's contention on appeal that the jury should have been instructed that in order to find him guilty they had to find that he knew the identity of the person to whom Danny Beavers was going to sell the marijuana, is meritless. One can be an accessory before the fact to the crime of murder even though the identity of the victim was not known to the accessory prior to the murder. See State v. Loveless, 140 W.Va. 875, 87 S.E.2d 273 (1955).

2. In State v. Dunn, 162 W.Va. 63, 246 S.E.2d 245 (1978), the prosecuting attorney made the following statement during his closing argument:

"He [a police officer who was also the State's chief witness] went undercover at the behest of the Bureau of Police to attempt to make some penetration of the drug culture existing in Ohio County, West Virginia."

The defendant argued that this statement was prejudicial and calculated to inflame the jury against a "drug culture". The Court disagreed and affirmed the trial court's ruling on this point.

3. Appellant's further assignments of error that: (1) the court should not have admitted the testimony of the State Police chemist because there was insufficient evidence to establish that the matter tested by the chemist was the same substance sold by the appellant to Mr. Beavers; and (2) the court erred in admitting a statement made by appellant to Trooper T.K. Mullens, are both sufficiently without merit not to be fairly raised.