# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kenneth Riley,**
**Petitioner Below, Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0885** (Randolph County 12-C-181)

**William J. Vest, Warden,**
**Beckley Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth Riley, by counsel Gerald E. Blair Jr., appeals the Circuit Court of Randolph County's August 7, 2015, order denying his petition for writ of habeas corpus. Respondent William J. Vest, Warden, by counsel Lara Kay Omps-Botteicher, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in denying his petition for writ of habeas corpus because he received ineffective assistance of counsel and the State failed to fulfill its plea agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 1998, the Randolph County grand jury indicted petitioner on one count each of delivering a controlled substance to an inmate, attempting to transport into prison a controlled substance, conspiracy, and possession with intent to deliver a controlled substance. The indictment was based upon an investigation of several recorded jailhouse telephone calls wherein it was believed that petitioner orchestrated a plan to smuggle marijuana into the Huttonsville Correctional Complex for personal consumption and/or distribution.

In January of 1999, Petitioner pled guilty to one count each of delivering a controlled substance to an inmate, conspiracy, and possession with intent to deliver. As part of the plea agreement the State agreed to recommend concurrent sentences for these crimes and that these

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent, David Jones, with William J. Vest, who is the current warden of the Beckley Correctional Center where petitioner is incarcerated.

1

sentences be served consecutively to petitioner's underlying convictions.[2] During the plea hearing, petitioner set forth the factual basis for his plea stating that he "help [sic] arrange get [sic] some marijuana dropped off to be brought into Huttonsville" and that it was for "personal use and [to] probably sell some." Thereafter, the circuit court held a sentencing hearing during which the State indicated its recommendation regarding sentencing was contained in the plea agreement. The circuit court sentenced petitioner to three consecutive terms of incarceration of one to five years. Further, the circuit court ordered that petitioner's sentences were to be served consecutive to his underlying convictions.

In August of 1999, the circuit court held a hearing on petitioner's motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. When asked for the State's position in regard to petitioner's motion, the State argued that petitioner's sentence was "quite appropriate, and should stand" primarily because petitioner was "one of the major players and coordinators of this event as opposed to some of the other co-defendants[.]" Accordingly, the circuit court denied petitioner's motion for reduction of sentence.

Petitioner filed a pro se petition for habeas corpus relief on November 19, 2012. Thereafter, the circuit court appointed counsel for petitioner and directed that an amended petition for habeas corpus relief be filed. As directed, petitioner, by counsel, filed an amended petition for writ of habeas corpus alleging that he was entitled to relief because the State failed to fulfill the plea bargain and a general "omnibus clause" that specifically preserved all other grounds for relief.

In January of 2014, the circuit court held an omnibus evidentiary hearing during which the circuit court allowed petitioner to assert the following additional grounds for relief: 1) consecutive sentences for the same transaction; 2) unfulfilled plea bargain; 3) ineffective assistance of counsel; 4) double jeopardy; 5) no preliminary hearing; and 6) severer sentence than expected. During a continued omnibus hearing in December of 2014, the circuit court heard testimony from petitioner's former counsel responsible for negotiating the plea agreement. Again, the circuit court continued that matter to allow the parties to secure additional discovery material from the underlying criminal matter. By ordered entered August 7, 2015, the circuit court denied petitioner's petition for habeas corpus. It is from this order that petitioner appeals

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2]Petitioner was incarcerated for several larceny related offenses at the time of the indictment.

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

In his first assignment of error, petitioner argues that the circuit court erred in denying habeas relief based on his claim of ineffective assistance of trial counsel. Specifically, petitioner argues that his trial counsel was ineffective because counsel allowed him to plead guilty to offenses that were "impossible" to commit. Petitioner devotes only one short paragraph of argument to this assignment of error. He does not cite to a single case in support of his argument that it was factually "impossible" to plead guilty or that his trial counsel was ineffective. This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.[3]

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate. While it does appropriately cite to the applicable standard of review on appeal, it lacks citations to any relevant legal authority. Thus, petitioner's assignment of error was not properly developed on appeal. However, despite petitioner's failure to preserve this issue for appeal, this Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's first assignment of error. *See* Syl. Pt. 8, in part, *State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812 (1989) (holding "a person may be convicted of a crime so long as the evidence demonstrates that he acted as an accessory before the fact, as a principal in the second degree, or as a principal in the first degree in the commission of such offense."); *see also* Syl., in part, *State v. Dameron*, 172 W.Va. 186, 304 S.E.2d 339 (1983) (holding "an accessory before the fact is a person who being absent at the time and place of the crime, procures, counsels, commands, incites, . . . another person to commit the crime[.]" (internal citations omitted)).

---

[3]Petitioner's conclusory reference to that it was "impossible" to commit these crimes is deficient as it is unsupported by citations to the appendix record on appeal or by meaningful argument. As this Court has explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . ." *State v. Kaufman*, 227 W.Va. 537, 555 n. 39, 711 S.E.2d 607, 625 n. 39 (2011) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

Petitioner also reasserts his claim that the trial court erred in denying him habeas relief based on the State's failure to fulfill its plea bargain. Specifically, petitioner argues that the State failed to recommend concurrent sentencing at the hearing on his motion for reduction of sentence filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. We do not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on this alleged error, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's August 7, 2015, "Final Order Denying Post-Conviction Writ of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

15-0885

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

KENNETH RILEY,

      Petitioner,

vs.

      Civil Case No.: 12-C-181
      Underlying Case No: 98-F-83
      Honorable Thomas A. Bedell, Special Judge

DAVID W. JONES, WARDEN
SALEM CORRECTIONAL CENTER,

      Respondent.

## FINAL ORDER
## DENYING POST-CONVICTION WRIT OF HABEAS CORPUS

Most recently on the 25th day of May, 2015, came Petitioner, Kenneth Riley, not in person but by video conference, and by and through his counsel, Jerry Blair, and the Respondent, David W. Jones, not in person, but by and through his counsel, Leckta L. Poling, Special Prosecuting Attorney for Randolph County, West Virginia. All were present pursuant to the Court's prior Order setting the matter for a Status Hearing.

WHEREUPON, the Court did request that the parties submit proposed findings of fact and conclusions of law to the Court within thirty (30) days of the Hearing.

Upon consideration of all the evidence presented by the parties and further contained in the record in the underlying criminal matter encaptioned *State of West Virginia vs. Kenneth Riley*, Felony Indictment Number 98-F-83, in the Circuit Court

of Randolph County, West Virginia, and the pertinent legal authority, the Court finds that the Petitioner is not entitled to a Writ of Habeas Corpus and his Petition, and Amended Petition For Writ Of Habeas Corpus should be DENIED.

## FINDINGS OF FACT

1)     On the 26th day of October, 1995, the Petitioner was indicted, along with two (2) co-defendants, by a Grand Jury in and for Randolph County, West Virginia, which returned a five (5) count indictment,[1] four (4) of which pertained to the Petitioner, Kenneth Riley, for the following charges:

Count One:   Delivery of a controlled substance to an inmate, a felony in violation of West Virginia Code § 61-5-8(d);

Count Two:   Attempted delivery of a controlled substance to an inmate, a felony in violation of West Virginia Code § 61-11-8; [not applicable to Kenneth Riley];

Count Three:  Attempt to transport into prison a controlled substance, a felony in violation of West Virginia Code § 61-11-8;

Count Four:   Conspiracy, a felony in violation of West Virginia Code § 61-10-31;

Count Five:   Possession with intent to deliver, a felony in violation of West Virginia Code § 60(a)-4-401(ii);

2)     After an exchange of discovery and plea negotiations, on the 15th day of January, 1999, the Petitioner voluntarily pled guilty to the following charges:

Count One:   Delivery of a controlled substance, to an inmate,

---

[1]   Count Two (2) of the within Indictment for the offense of attempted delivery of a controlled substance only applied to co-defendant, Johnny Ray Zroska.

a felony in violation of <u>West Virginia Code</u>
§ 61-5-8(d);

Count Four:   Conspiracy, a felony in violation of <u>West Virginia</u>
<u>Code</u> § 61-10-31; and,

Count Five:   Possession with intent to deliver, a felony in violation
of <u>West Virginia Code</u> § 60(a)-4-401(ll).

3)    In exchange for the Petitioner's plea of guilty to the three (3)
charges, the State agreed to dismiss the other two (2) charges contained in the
indictment and to recommend that the sentences on the three (3) charges to which the
Petitioner pled guilty would run concurrently with each other and consecutive to the
sentence that the Petitioner was then currently serving at the Huttonsville Correctional
Center. The Circuit Court on the 15th day of January, 1999, accepted the Petitioner's
guilty pleas, and ordered a pre-sentence investigation report.

4)    On the 26th day of March, 1999, the Circuit Court conducted
sentencing proceedings at which time the Prosecuting Attorney referred the Court its
recommendation in the Plea Agreement without saying anything further. "Your Honor
my recommendation is contained in the Plea Agreement Your Honor." (See Transcript
of sentencing hearing filed in Case No. 98-F-63 on August 2, 1999, p. 6, L.18-19). The
Petitioner's trial counsel had pointed out that the Pre-Sentence Investigation Report
cited use of a firearm in a prior offense and that the same was erroneous, and that the
Petitioner was convicted in Florida of "resisting or obstructing an Officer without violence
not with violence" the State had no objection to a modifications of the report, and the
Court ruled that it would be so modified. (Sentencing Transcript p. 4, L. 11 – p. 5, L. 12).
The Circuit Court then subsequently departed from the joint recommendation of the

Plea Agreement, not sentencing the Petitioner concurrent sentences but sentencing him to consecutive sentences of one (1) to five (5) years for each offense. It is not disputed that the recommendations of the Plea Agreement were non-binding upon the Court.

5) That at the time of the sentencing on the 19th day of January, 1999, the Petitioner became disruptive and told the Court "stick that fine up your ass, pal." The Petitioner against the adoration of his counsel further stated "fuck 'em. I don't want to reconsider it." (See Sentencing Transcript p. 7, L. 7, and 11.) As a result of the Petitioner's outburst the Circuit Court found the Petitioner in summary civil contempt and imposed a sentence of ten (10) days for contempt and directed that said sentence be served consecutive to the sentences imposed and the sentence that the Petitioner was currently serving.

6) The record reflects that no appeal was taken by the Petitioner as a result of the sentencing held on the 19th day of January, 1999.

7) On the 30th day of August, 1999, pursuant to a written *Motion For Reduction Of Sentence Pursuant to Rule 35* of the *West Virginia Criminal Procedure* further proceedings were held at which time the Petitioner's then counsel of record, Thomas G. Dyer, indicated to the Court that as a matter of strategy he did not request that Mr. Riley be brought to the proceedings in light of the Petitioner's behavior at the time of the sentencing. At the time of the hearing upon the Petitioner's Rule 35 Motion counsel for the Petitioner argued to the Court of the Petitioner's accomplishments while incarcerated, and addressed the sentences imposed by the Court upon the co-defendants and addressed letters of support from the Petitioner's family.

8)   The then Prosecuting Attorney, Earl W. Maxwell, offered that he believed that the sentencing in this case was appropriate based upon the fact that the Petitioner was "one of the major players and coordinators of this event as opposed to some of the other co-defendants who were merely deliverers or mules, so to speak. Mr. Thompson was essentially the mule who was assigned the task of bringing the narcotics into the prison, whereas, Mr. Riley essentially made contacts outside of the prison and was the person handling the funds - - he was by far the central figure who but for this event could not have taken place" (Rule 35 Hearing Transcript p. 6 – 7, p. 6, L. 19 – 25, p. 7, L. 1). The Prosecuting Attorney further offered "and when one also considers the fact -- the factor such as potential -- towards rehabilitation as demonstrated by his record -- by the Pre-Sentence Report and his disposition the -- I believe the sentence given to him was quite appropriate and should stand."

9)   The Court at the time of the hearing on the Rule 35 Motion reviewed the extensive criminal record of the Petitioner by listing the significant number of charges that had been brought against him over the years and in listing the great number of charges including the erroneously referred to "one of the grand larceny offenses included the use of a firearm - -" (Rule 35 Hearing Transcript p. 8, L 4 – 5). That being the subject of the modification of the Pre-Sentence Investigation Report as noted at the time of the sentencing proceedings on the 19th day of January, 1989.

10)   At the time of the hearing proceedings on the Motion for Rule 35 relief, the Court in its wisdom, and wisely indicated that it would not hold the Petitioner's outburst at the time of the sentencing proceedings on the 19th day of January, 1989, as a factor against the Petitioner.

11) The Court in its ruling upon the Rule 35 Motion indicated that it was denying the same "because of his extensive criminal history going back at least thirteen (13) years." (Rule 35 Hearing Transcript p. 8, L. 16 -18.) No mention of the use of a firearm was mentioned by the Circuit Court.

12) The record reflects that no appeal was taken by the Petitioner as a result of the denial of Rule 35 Motion on the 30th day of August, 1999.

13) On the 7th day of April, 2010, the Petitioner filed his *pro se Motion For Reconsideration Of Sentence* which was denied by the Circuit Court, The Honorable Jamie Wilfong, then presiding, on the 9th day of April, 2010.

14) The record reflects that no appeal was taken by the Petitioner as a result of the denial of *Motion For Reconsideration Of Sentence* on the 9th day of April, 1999.

15) On the 19th day of November, 2012, the Petitioner, pro se, filed his *Petition For Writ Of Habeas Corpus.*

16) The Circuit Court by its order entered on the 25th day of January, 2013, determined that the Petitioner may have had grounds for relief and further determined it satisfactorily demonstrated the appointment of counsel as warranted. The Petitioner was then granted leave to prosecute this action *in forma pauperis* and legal counsel was appointed to represent him in further proceedings herein with specific direction to file an amended petition along with a completed Losh checklist.

17) Pursuant to such Order, the Petitioner by and through is then appointed legal counsel filed an *Amended Petition For Writ of Habeas Corpus* with

attachments on March 26, 2013. Therein, the Petitioner averred his assignments bearing grounds for relief, to wit:

Ground One: Unfulfilled Plea bargain;

Ground Two: Omnibus Clause.

18) By the Supreme Court of Appeals of West Virginia Administrative Order entered on the 10th day of April, 2013, by Brent D. Benjamin, Chief Justice, The Honorable Thomas A. Bedell, Judge of the 15th Judicial Circuit, was temporarily assigned to the 20th Judicial Circuit for purposes of presiding in this case on deeming the requested, voluntary recusal by The Honorable Jamie Godwin Wilfong, Judge of the 20th Judicial Circuit, warranted.

19) On the 27th day of September, 2013, came the Petitioner, Kenneth Riley, in person via video conferencing from the Ohio Correctional Center and by his counsel, Dwight R. Hall, his counsel of record herein. Further, came the then Respondent, Marvin Plumley, Warden of Huttonsville Correctional Center, not in person, but by and through Mr. Michael W. Parker, Prosecuting Attorney for Randolph County, West Virginia. The parties and their counsel were all present pursuant to an Order of this Court setting an Omnibus Hearing on the Petitioner's Petition for a Writ of Habeas Corpus by Order entered herein on the 27th day of August, 2013. At the outset, the Court declared the proceedings to be a final Omnibus Habeas Corpus proceeding pursuant to West Virginia Code § 53-4(a)-1, et. seq. At the initial hearing on the 27th day of September, 2013, the Court, inter alia, amended the style of the case to reflect the Petitioner Kenneth Riley's current custodial status, incorporated all pleadings and exhibits in the underlying criminal matter in Criminal Case No. 95-F-83 into the record in

this matter, addressed the Losh Checklist list, addressed Waiver of Attorney Client Privilege with Petitioner's prior counsel, and upon Motion of the Petitioner disqualified the office of Michael W. Parker, Prosecuting Attorney of Randolph County, West Virginia, based upon the fact that Petitioner's prior trial counsel, namely, Richard W. Shyrock, was presently employed as an Assistant Prosecuting Attorney for Randolph County, West Virginia.

Further evidentiary proceedings were held on the 24th day of January, 2014, and the 15th day of December, 2014.

Scheduling or Status Conferences were held herein on the 5th day of March, 2014, the 6th day of October, 2014, the 20th day of November, 2014, the 10th day of April, 2015, the 11th day of May, 2015, and the 26th day of May, 2015.

20) At the time of the initial Omnibus proceeding held herein on the 27th day of September, 2013, the Court inquired as to counsel whether a Losh Checklist had been completed in this matter to which counsel indicated that one had not been executed by the Petitioner but his counsel could articulate all grounds to which the Petitioner was desirous of raising; namely:

1) Consecutive Sentences for same transaction
   (Losh Checklist, No. 14)[2]

2) Unfilled Plea Agreement
   (Losh Checklist, No. 9)

3) Information contained in pre-sentence investigation
   and report in error
   (Losh Checklist, No. 20)

4) Ineffective assistance of counsel
   (Losh Checklist, No. 21)

---

[2] References to: 1) Losh Checklist, added by Court

5) Pre-indictment delay
   (Losh Checklist, No. 32)

6) Question of actual guilt,
   (Losh Checklist, No. 48)

7) Severer sentence than expected
   (Losh Checklist, No. 50)

8) Excessive sentence
   (Losh Checklist, No. 51)

9) Amount of time served/credit for time served
   (Losh Checklist, No. 53).

21) Thereupon, at the initial Omnibus proceedings herein on the 27th day of September, 2013, the Court addressed the Petitioner as to whether the grounds articulated by Petitioner's counsel were in fact all of the grounds in which the Petitioner was desirous of raising to which inquiry the Petitioner responded in the affirmative. Further, the Court inquired of the Petitioner as to his understanding that any grounds not so raised as part of the final Omnibus proceedings herein would be permanently waived by him again to which the Petitioner indicated he understood, he had conferred with Counsel and agreed that any grounds not so raised at the Omnibus proceedings would in fact be waived. The Court then found said Waiver to be freely, voluntarily, knowing and intelligently and with the advice of counsel offered by the Petitioner.

22) As a result of the office of Michael W. Parker, Prosecuting Attorney for Randolph County, West Virginia, being disqualified from further representations of the Respondent herein the Court, sua sponte, and the attendant time delays and the directed counsel for the Respondent, Dwight R. Hall, to complete, execute, and have the Petitioner execute a written Losh v. McKenzie Checklist.

23) On the 26th day of December, 2013, the Petitioner in fact filed his Losh v. McKenzie Checklist. In his "Checklist Of Grounds for Post-Conviction Habeas Corpus Relief" dated the 11th day of December, 2013, and filed herein on the 26th day of December, 2013, the Petitioner indicated that he wished to raise the following grounds:

1)  Consecutive sentences for same transaction
    (Losh Checklist No. 14);

2)  Unfulfilled plea bargains
    (Losh Checklist No. 19);

3)  Ineffective assistance of counsel
    (Losh Checklist No. 21);

4)  Double jeopardy
    (Losh Checklist No. 22);

5)  No preliminary hearing
    (Losh Checklist No. 25);

6)  Question of actual guilt upon an acceptable guilty plea
    (Losh Checklist No. 49);

7)  Severer sentence than expected
    (Losh Checklist No. 50).

24) The Court for a second time at the time of the Omnibus hearing held on the 24th day of January, 2014, reviewed the Losh v McKenzie Checklist to ascertain whether the grounds articulated by the Petitioner or in fact all the grounds in which the Petitioner was desirous of raising to which inquiry in the Petitioner again responded in the affirmative. Further, the Court again inquired of the Petitioner as to his understanding that any grounds not so raised as part of the final Omnibus proceedings herein would be permanently waived by him again to which the Petitioner indicated he understood, had conferred with counsel, and agreed that any grounds not so raised as part of the final Omnibus proceedings would in fact be waived. The Court again found

that said Waiver to be freely, voluntarily, knowing and intelligently and with the advice of counsel offered by the Petitioner.

25) A review of the "Checklist Of Grounds For Post-Conviction Habeas Corpus" relief filed pursuant to Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed by the Petitioner and his counsel at the time of the Omnibus hearing indicates that the Petitioner, Kenneth Riley, has waived the following grounds:

(1) Trial court lacked jurisdiction

(2) Statute under which conviction obtained unconstitutional

(3) Indictment shows on face no offense was committed

(4) Prejudicial pre-trial publicity

(5) Denial of right to speedy trial

(7) Mental competency at time of crime

(8) Mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate

(9) Incapacity to stand trial due to drug use

(10) Language barrier to understanding the proceedings

(11) Denial of counsel

(12) Unintelligent waiver of counsel

(13) Failure of counsel to take an appeal

(15) Coerced confessions

(16) Suppression of helpful evidence by prosecutor

(17) State's knowing use of perjured testimony

(18) Falsification of a transcript by prosecutor

(20) Information in presentence report erroneous

(23)   Irregularities in arrest

(24)   Excessiveness or denial of bail

(26)   Illegal detention prior to arraignment

(27)   Irregularities or errors in arraignment

(28)   Challenges to the composition of grand jury or its procedures

(29)   Failure to provide copy of indictment to defendant

(30)   Defects in indictment

(31)   Improper venue

(32)   Pre-indictment delay

(33)   Refusal of continuance

(34)   Refusal to subpoena witnesses

(35)   Prejudicial joinder of defendants

(36)   Lack of full public hearing

(37)   Non-disclosure of Grand Jury minutes

(38)   Refusal to turn over witness notes after witness has testified

(39)   Claim of incompetence at time of offense, as opposed to time of trial

(40)   Claims concerning use of informers to convict

(41)   Constitutional errors in evidentiary rulings

(42)   Instructions to the jury

(43)   Claims of prejudicial statements by trial judges

(44)   Claims of prejudicial statements by prosecutor

(45)   Sufficiency of evidence

(46)    Acquittal of co-defendant on same charge

(47)    Defendant's absence from part of the proceedings

(48)    Improper communications between prosecutor or witnesses and jury

(51)    Excessive sentence – disproportionate sentence

(52)    Mistaken advice of counsel as to parole or probation eligibility

(53)    Amount of time served on sentence, credit for time served.


(26)   A review of the final Losh Checklist in open Court, as confirmed by Petitioner and his counsel, at the time of the Omnibus hearing on January 27, 2014, indicates the Petitioner, Kenneth Riley, requested the Court to address seven (7) grounds in his "Petition For Habeas Corpus Relief":


(14) Consecutive sentences for same transaction;

(19) Unfulfilled plea bargains;

(21) Ineffective assistance of counsel;

(22) Double jeopardy;

(25) No preliminary hearing;

(49) Questions of actual guilt on acceptance of unacceptable guilty plea; and,

(50) Severer sentence than expected.


(27)    At the time of the submission of the "Proposed Findings of Fact and Conclusions of Law" submitted on behalf of the Petitioner, Kenneth Riley, on the 26th

day of June, 2015, the Petitioner submitted arguments in support of two (2) additional grounds, namely:

(20) Information in pre-sentence report erroneous, and

(45) Sufficiency of evidence.

The Court, since requested by the Petitioner, will in fact consider the additional two (2) grounds raised by the Petitioner although waived in his earlier Losh Checklist.

(28)   Although not waived, the Petitioner, Kenneth Riley, offered no evidence or argument in support of the following Losh Checklist ground and accordingly, the ground should be deemed waived:

(25) No preliminary hearing.

## ANALYSIS

(29) The Petitioner has presented several legal grounds for relief in his Omnibus Habeas Corpus petition and the Court considers the merits of those grounds as follows:

Unfulfilled Plea Bargain

(30)   The Petitioner, Kenneth Riley, alleges two (2) grounds under the heading of Unfulfilled Plea Bargain. First, that the Prosecuting Attorney at the time of the sentencing on the 30th day of August, 1999, did not comply with its contractual obligation in recommending that the Petitioner's sentences run concurrently with each other and consecutively with the Petitioner's sentence then being served. The

Respondent, submits that the State did comply with its contractual obligations at the time of the sentencing by stating "Your Honor my recommendation is contained in the Plea Agreements." (See Transcript sentencing, p. 6 L 18 & 19.) No evidence has been offered by the Petitioner that the Circuit Judge at the time of the sentencing was illiterate, or just plain stupid or, that he was not aware of the recommendations contained in the Plea Agreement. Thus this Court finds that no violation of the Petitioner's constitutional rights took place at the time of the sentencing. The Petitioner was well aware as a result of his colloquy with the Circuit Judge that his Plea Agreement fell within Rule 11(e)1(b) of the West Virginia Rules Of Criminal Procedure. The Court specifically informed and the Petitioner acknowledged at Page 8 & 9 of the Transcript of the Plea proceedings held on the 15th day of January, 1999, that the Court could sentence the Petitioner to consecutive sentences thereby the Petitioner receiving three (3) – fifteen (15) years in the penitentiary and nevertheless the Petitioner could not withdraw his guilty pleas.

The Petitioner further argues that the State violated his constitutional rights and breeched his contractual obligations by the position that it took at the time of the Rule 35 proceedings held on the 30th day of August, 1999. The Respondent asserts that the State had complied with its contractual obligations under the Plea Agreement and that the contract was completed at the time of the sentencing proceedings held on the 26th day of March, 1999.

The Court finds that the State had fully satisfied its contractual obligations under the Plea Agreement by recommending concurrent sentences on the instant charges and consecutive sentence to the sentence already imposed upon the

Received Fax Aug 12 15:01:50p          Received by Jerry Blair Law Office          page 16

Defendant. This Court finds no applicable case law, statute, or rule of procedure which requires the position asserted by the Petitioner that the State is obligated to take any position after the case is concluded, absent specific contractual language.

Accordingly, the Court finds no violation of the Defendant's constitutional rights in connection with his Unfulfilled Plea Bargain analysis.

## Ineffective Assistance of Counsel/Sufficiency of The Evidence/Question of Actual Guilt

(31) The Petitioner has raised collectively his Ineffective Assistance of Counsel, Sufficiency Of The Evidence, and Questions of Actual Guilt inasmuch as all three (3) areas are intertwined the Court believes it is proper to address under a common analysis. The Petitioner correctly cites the appropriate two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) which has been adopted by the West Virginia Court which provides that:

1) Counsel's performance was deficient under an objective standard of reasonableness;
2) There is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.
3) In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. Syl. Pt. 6, *State v. Miller*, 459 S.E.2d 114 W.Va. (1995).

With regards to the Petitioner's claim to Ineffective Assistance of Counsel at the time of his Plea on the 15th day of January, 1999, the Court finds that the Petitioner understood based upon his Counsel's representation of him and the colloquy with the Circuit Judge as to what he was being accused of, what he was pleading guilty to, and that he understood that he did not have to plead guilty and that he was giving up numerous constitutional rights by entering said pleas of guilty and the possible sentences that could be imposed irregardless of the recommendations of counsel.

(32) Although not argued by Counsel for the Petitioner or Counsel for the Respondent the factual basis established by the record in this matter would also allow the Petitioner to be prosecuted as a principal in the 2nd degree and subject to the same penalties, under the West Virginia Code § 61-11-6 or as an accessory, pursuant to West Virginia Code § 61-11-7. This Court finds that Counsel's performance at the time of the plea herein was not deficient under an objective standard of reasonableness and further that it did not create a circumstance that but for counsel's deficient performance the proceedings would have been different.

(33) With regards to the Petitioner's arguments that his Rule 35 counsel provided ineffective assistance by not having the Defendant present at the time of the Rule 35 motion hearing on the 30th day of August, 1999, and by not objecting to the position taken by the Prosecuting Attorney. The Court finds that the Petitioner's counsel at the Rule 35 proceedings in not having the Petitioner present was one of strategy and probably a very good strategy inasmuch the Petitioner some five (5) months earlier had told the Judge "stick that fine up your ass, pal" and "fuck 'em I don't want to reconsider it." With regards to the Petitioner's claim of Ineffective Assistance of Counsel by not

objecting to the reported change in position of the State with regards to sentencing, please see the discussion, *infra*.

Information In Pre-Sentence Report Erroneous

(34) As noted previously at the time of the Plea herein on the 15th day of January, 1999, the Circuit Court directed that a Pre-Sentence Investigation Report be prepared and furnished to counsel for the Petitioner and the State. Contrary to the argument of the Petitioner the Pre-Sentence Investigation Report was not prepared some fourteen (14) years earlier but was in fact prepared and bore the date of the 3rd day of February, 1999. The Pre-Sentence Investigation Report prepared by the Adult Probation Office did include the Pres-Sentence Investigation Report dated the 8th day of April, 1986, prepared by the Probation Office in the 6th Judicial Office in Huntington, Cabell County, West Virginia, in Case No. 85-F-101 which attachment was referenced in the Pre-Sentence Report dated the 3rd day of February, 1999, for further criminal history information. The Court at the time of the sentencing on March 26, 1999, carefully reviewed the Pre-Sentence Report generated by the Randolph County Probation Office, received objections and corrections from the Petitioner, and accepted such corrections and did not rely upon them in sentencing the Petitioner. The Pre-Sentence Report dated the 3rd day of February, 1999, in all respect complied with the requirements of Rule 32 of the West Virginia Rules of Criminal Procedure.

Excessive and Severer Sentence Than Expected,
Consecutive Sentences For The Same Transaction and Double Jeopardy

(35)   The Petitioner raises by way of summary listing the remaining issues raised by the Petitioner and merely states that based upon the facts alleged, reasoning, and analysis describes in his proposed Findings of Fact and Conclusions of Law that the Petitioner is entitled to relief by way of post-conviction habeas corpus.   For the reasons stated herein, *infra*, the Court based upon its analysis herein DENIES those grounds of the Petitioner.

## CONCLUSIONS OF LAW

(36)   The applicable statutes for the issuance of a Writ of Habeas Corpus are West Virginia Code § 53-4A-1, et seq.

(37)   "[T]he burden of proof rest on the petitioner to rebut the presumption that he intelligently and knowingly waived any contention for relief which he could have advanced on direct appeal[.] *Losh v. McKenzie*, 166 W.Va. 762, 765, 277 S.E.2d 606, 609 (1981).

(38)   "Such petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." *State ex rel. Scott V. Boles*, Syl. Pt. 1, 150 W.Va. 453, 147 S.E.2d 486 (1966).

(39)   The Court finds that the State complied with its contractual obligations contained in the Plea Agreement and the Petitioner has not met its burden with regards to the Ground of Unfulfilled Plea Bargain.

(40)   The standard for evaluating claims of ineffective assistance of counsel follows.   The Court notes that:

> In the West Virginia courts, claims of ineffective assistance
> of counsel are to be governed by the two-pronged test

established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); (1) Counsel's performance was deficient under and objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995). The Court further notes that "[I]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of Strickland v. Washington (Citation omitted) and State v. Miller (Citation omitted) but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." State ex rel. Daniel v. Legursky, 195 W.Va. 314, 465 S.E.2d 416 (1995.)

(41)    After reviewing the record, the Court has concluded that the Petitioner has failed to prove that either Richard Shyrock, counsel at the Plea/Sentencing or Thomas G. Dyer, counsel at the Rule 35 proceedings, defense of the Petitioner was objectively deficient.

(42)    Assuming arguendo, that Counsel's representation was objectively deficient, the underlying record herein clearly demonstrates that there is no evidence that indicates a reasonable probability that, but for counsels' unprofessional errors, the result of the proceedings would have been different.

(43)    In a criminal case, a verdict of guilt will not be set aside on the grounds that it is contrary to the evidence, where the State's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the grounds of insufficiency of evidence, the Court must be convinced that the evidence was manifestly inadequate and that consequent

injustice has been done." Syl. Pt. 1, State v. Starkey, 161 W.Va. 517, 244 S.E.2d 219 (1978). Syl. Pt. 1 State v. McPherson, 179 W.Va. 612, 371 S.E.2d 333 (1988).

(44)   The claims of the Petitioner raising the Grounds of Ineffective Assistance Of Counsel/Sufficiency Of The Evidence/Question Of Actual Guilt have not been proven by the Petitioner and these Grounds in support of Petitioner's Request For Habeas Corpus should be DENIED.

(45)   Petitioner failed to present any evidence to meet his burden as to the grounds of Consecutive Sentences For Same Transaction, Excessive And Severer Sentence Than Expected and, Double Jeopardy. Accordingly, this ground in support of the petitioner's request for habeas relief should be denied.

(46)   Rule 32 of the West Virginia Rules of Criminal Procedure mandates that a criminal defendant be provided a copy of the presentence investigation report. See State ex rel. Aaron v King, 199 W.Va. 533, 485 S.E.2d 702 (1997).

(47)   "A circuit court must, without exception, determine on the record that a defendant has had the opportunity to read and discuss the presentence investigation report with his counsel, and the record should demonstrate that such opportunity has been provided or extended to a defendant." State ex rel. Aaron v. King, Syl. Pt. 3, 199 W.Va. 533, 485 S.E.2d 702 (1997).

(48)   Based upon the transcript of the sentencing hearing on March 26, 1989, the petitioner and his counsel were provided a copy of the presentence investigation report. Moreover, the Court inquired of the Petitioner whether he had received a copy of the report, reviewed, the report, and whether the report was accurate. (Sentencing Transcripts: p. 4, L. 5-25 and p. 5, L. 1-12). The Petitioner

advised the Court that he had reviewed the report and did have two (2) objections to the presentence investigation report to which the Court, without objection from the State, accepted the modifications requested by the Petitioner. Thus, the Petitioner cannot claim error and this ground in support of the petitioner's request for habeas relief should be denied.

(49) "Sentences imposed by the trial court, if within statutory limits and if not base on some [im]permissible factor, are not subject to appellate review." *State v. Goodnight*, Syl. Pt. 4, 169 W.Va., 366, 297, S.E.2d 504 (1982); *State v. Hays*, Syl. Pt. 9, 185 W.Va. 664, 408 S.E.2d 614 (1991); State v Miller, Syl. Pt. 6, 195 W.Va. 656, 466, S.E.2d 507 (1995); State v Sampson, Syl. Pt. 4, 200 W.Va. 53, 488 S.E.2d 53 (1997.)

(50) Rule 11 of the West Virginia Rule of Criminal Procedure provides, in pertinent part, that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.] W.Va. R. Crim P. 11(c)(1).

(51) "The subjective but, in hindsight, mistaken belief of a defendant as to the amount of sentence that will be imposed, unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty pleas as unknowing or involuntary." *State v. Pettigrew*, Syl. Pt. 1, 168 W.Va. 299, 284 S.E.2d 370 (1981).

(52) At the Omnibus hearing, the petitioner testified that he understood

the penalties for the offenses to which he entered pleas of guilty. The petitioner understood the possible penalties for each of the offenses charged in the indictment and understood the possible penalties for each of the offenses to which he entered a plea of guilty at the time the petitioner entered his pleas. The petitioner was further aware of the possible maximum sentence for the offenses to which he offered pleas of guilty pursuant to the plea agreement. Moreover, the Court imposed the statutory sentences for each offense of which the petitioner was convicted. Accordingly, the Petitioner failed to meet his burden to prove the ground that the sentence was severer than expected and this ground in support of the petitioner's request for habeas relief should be denied.

(53)  "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *State v. Goodnight*, Syl. Pt. 4, 169 W.Va. 366, 287, S.E.2d 504 (1982); *State v. Booth*, Syl. Pt. 2, 224 W.Va. 307, 685 S.E.2d 701 (2009).

(54)  "Disparate sentences for co-defendants are not per se unconstitutional. Courts consider many factors such as each co-defendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If co-defendants are similarly situated, some courts will reverse on disparity of sentence alone." *State v Buck*, Syl. Pt. 2, 173 W.Va. 243, 314 S.E.2d 406 (1984); *State v. Booth*, Syl. Pt. 6, 224, W.Va. 307, 685 S.E.2d 701 (2009).

(55)  The petitioner's consecutive sentences resulting in a three (3) to

Fifteen (15) year sentence is not impermissibly harsh nor unconstitutionally disproportionate to the sentences received by petitioner's co-defendants. The petitioner was the primary perpetrator of the crimes charged.

## RULING

It appearing to the Court that after a review of the findings of fact and conclusions of law above, no meritorious grounds for relief have been substantiated by the petitioner.

Accordingly, it is ORDERED that the Petition, and Amended Petition For Writ Of Habeas Corpus should be and are hereby DENIED.

It is further ORDERED that the Petition and the Amended Petition should be and are hereby DISMISSED from the active docket of this Court.

Finally, it is hereby ORDERED that the Clerk of this Court shall deliver and/or otherwise provide certified copies of this Order to the following:

cc:    Jerry Blair, Esquire
Post Office Box 1701
Clarkeburg, West Virginia  26302-1701

cc:    Leckta L. Poling, Special Prosecuting Attorney
in and for Randolph County, West Virginia
Post Office Box 7
Philippi, West Virginia 26416

Kenneth Riley
c/o Salem Correctional Center
7 Industrial Blvd.
Industrial, West Virginia 26426

ENTER: _August 3 2015_

THOMAS A. BEDELL, Special Judge

ENTERED

AUG 0 7 2015

PHILIP D. RIGGLEMAN, CLERK